# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS A. DUTTON-MYRIE, | |
| Petitioner, | NO. 3:09-CV-2173 |
| v. | (JUDGE CAPUTO) |
| ERIC H. HOLDER, JR, United States Attorney General, et al., | |
| Respondents. | |

## **MEMORANDUM ORDER**

Presently before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus. Petitioner filed a Petition for Writ of Habeas Corpus and accompanying Brief in Support (Docs. 1-2) on November 6, 2009. The relief sought by Petitioner is for this Court to hold that it has jurisdiction to hear the instant petition and to grant him a "right to appeal," or vacate his April 13, 1998 deportation order and removal proceedings, or grant a new hearing.

These are essentially the same claims that were brought by Petitioner in a previous habeas petition, in which he challenged his removal by alleging various constitutional defects in the proceedings and the removal order. *See Dutton-Myrie v. Holder*, No. 3:09-CV-117, slip. op. at 1-2 (M.D. Pa. Mar. 5, 2009). This Court held that it lacked jurisdiction over the petition and dismissed the case. *Id.* at 3-4. Pursuant to 8 U.S.C. § 1252(a)(5) and the REAL ID Act, 8 U.S.C. § 1252(b)(9), the exclusive means for judicial review of any removal order is by filing a petition for review with the Court of Appeals of the Third Circuit. *Id.* at 3; *see also Jeune v. Attorney General of the United States*, 476 F.3d 199, 200 (3d Cir. 2007).

In his Brief in Support of the instant petition, Petitioner cites *Khouzam v. Hogan*, 497 F. Supp.2d 615 (M.D. Pa. 2007), to stand for the proposition that district courts have

jurisdiction over habeas petitions that challenge certain immigration proceedings. However, the relevant portion of the district court's decision was vacated by the Third Circuit Court of Appeals. *Khouzam v. Attorney General of the United States*, 549 F.3d 235, 259 (3d Cir. 2008). The Court of Appeals concluded that the REAL ID Act filled in existing gaps in the statutory scheme, thereby stripping district courts of jurisdiction to hear habeas petitions based on removal orders. *Id.* at 245. The court further held that the statute did not raise constitutional concerns because it provided an alternative avenue for judicial review, namely by petitioning the appropriate court of appeals. *Id.* at 246-47.

In this case, Petitioner has inappropriately filed a petition challenging his removal order in the district court. As before, the REAL ID Act, coupled with 8 U.S.C. § 1252(a)(5), remove jurisdiction over such petitions from the district courts. In order for Petitioner to have judicial review of his removal order and the immigration proceedings accompanying it, he must file a petition for review *directly* with the Third Circuit Court of Appeals. Although Petitioner appealed this Court's previous denial of his earlier petition, that appeal only considered whether this Court's holding that it lacked jurisdiction was appropriate, which it was. *See Dutton-Myrie v. Attorney General of the United States*, No. 09-1729, slip op. at 1-2 (3d Cir. Sept. 4, 2009). Again, in order for the *merits* of Petitioner's claims to be determined, he must filed his petition for review with the Court of Appeals, bypassing the district courts altogether, as envisioned by the REAL ID Act.

**NOW**, this 22nd day of January 2010, **IT IS HEREBY ORDERED THAT** Petitioner Luis A. Dutton-Myrie's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge